**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin (SBN: 026059)
david@kazlg.com
3240 E. Union Hills Drive, Suite 105
Phoenix, AZ 85050
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride (SBN: 032001)
ryan@kazlg.com
2221 Camino del Rio South, Suite 101
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Wendy Riley

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Wendy Riley, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>vs.<br><br>**MoneyKey, Inc.,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, *et seq*. ("FCRA")**<br><br>**JURY TRIAL DEMANDED** |

///

///

///

///

///

- 1 -
COMPLAINT

**INTRODUCTION**

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA sees to it that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for consumers' right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Plaintiff Wendy Riley ("Plaintiff"), through Plaintiff's attorneys, brings this lawsuit to challenge the conduct of Defendant MoneyKey, Inc. ("Defendant"), with regard to Defendant's unauthorized and unlawful credit inquiry. Conduct which caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise indicated, Plaintiff alleges that any violations by Defendant were knowing and intentional.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

**JURISDICTION AND VENUE**

7. This action arises out of Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.

8. This Court has federal question subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331, as Plaintiff alleges violations of a federal statute, the FCRA.

9. The Court has personal jurisdiction over Defendant because Defendant conducts significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

10. Personal jurisdiction and venue are proper in the District of Arizona pursuant to 28 U.S.C. § 1391 for the following reasons: (1) the conduct complained of herein arose within this District; and (2) Defendant conducts significant business in this District.

11. Venue is proper in the United States District Court for the District of Arizona pursuant to 18 U.S.C. § 1391 because:

   a. Defendant is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this District;

   b. Defendant does substantial business within this District;

   c. Defendant is subject to personal jurisdiction in this judicial district because Defendant has availed themselves of the laws and markets within this District; and,

   d. the harm to Plaintiff occurred within this District.

**PARTIES**

12. Plaintiff is a natural person who resides in Pinal County, State of Arizona.

13. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

14. Defendant is a stock corporation formed under the laws of the State of Delaware with its principal place of business in Toronto, Ontario, Canada. On

- 3 -
COMPLAINT

information and belief, Defendant is, and at all times mentioned herein was, a "person" as defined by 15 U.S.C. § 1681a(b).

15. Plaintiff is informed and believes, and thereon alleges, that Defendant impermissibly acquired Plaintiff's credit information through an unauthorized inquiry on Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1).

**STATUTORY BACKGROUND**

16. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by use of the information collected about them.

17. Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies. Congress stated in the opening section of the FCRA that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

18. Under the FCRA, the term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer.

19. Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.

20. 15 U.S.C. § 1681b(f) in turn provides "[a] person shall not use or obtain a consumer report for any purpose unless - (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section."

COMPLAINT

21. The permissible purposes listed in 1681b usually arise only in connection with transactions initiated by the consumer. *See* 15 U.S.C. § 1681b(a)(3)(A)-(F).

## FACTUAL ALLEGATIONS

22. At all times relevant to this matter, Plaintiff was an individual residing within the State of Arizona.

23. At all times relevant, Defendant conducted business within the State of Arizona.

24. On or about November 10, 2021, Plaintiff filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Arizona (Case No. 4:21-bk-08356-BMW).

25. On March 16, 2022, the Bankruptcy Court granted Plaintiff a no-asset discharge of her debts. Consequently, all of Plaintiff's debts predating the order were discharged in bankruptcy

26. Two of Plaintiff's discharged debts were serviced by Defendant, as follows:

   a. Creditor: CC Flow, account no. *0695, balance: $965.00; and

   b. Creditor: Republic Bank & Trust, account no. *3568, balance: $2,920.00.

27. On or about May 5, 2026, despite the fact that the debts had already been discharged, Defendant lodged a hard inquiry on Plaintiff's Trans Union credit report.

28. Upon noticing Defendant's hard inquiry on her credit report, Plaintiff promptly phoned Defendant hoping to obtain information regarding its inquiry.

29. During Plaintiff's call with Defendant, Defendant stated that the inquiry was related to a charged-off debt from 2021.

30. Defendant also informed Plaintiff that it had recorded her previous bankruptcy in its system, but it accessed her consumer report nevertheless.

31.    Plaintiff did not give Defendant consent authorizing Defendant to access her consumer report.

32.    15 U.S.C. § 1681b delineates the only permissible uses of, or access to, consumer reports.

33.    A person lacks a permissible purpose to access a consumer's report where it seeks to collect on an underlying debt which has been discharged in bankruptcy.[1]

34.    Defendant's inquiry does not qualify as a "firm offer of credit" under the FCRA.

35.    Defendant's inquiry into Plaintiff's consumer report information, without Plaintiff's consent, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

36.    Through the above-described conduct, Defendant violated 15 U.S.C. § 1681b by obtaining Plaintiff's consumer report without Plaintiff's consent and absent a permissible purpose.

37.    As a result of Defendant's illegal actions, Plaintiff has suffered an invasion of privacy, as well as damage to her credit and creditworthiness.

38.    Due to Defendant's actions, Plaintiff has also suffered actual damages in the form emotional distress, worry, hypervigilance, and anxiety, damages which impact Plaintiff's daily life, work, and personal relationships.

**CLASS ACTION ALLEGATIONS**

39.    Plaintiff brings this action on behalf of herself and on behalf of all similarly situated (the "Class").

40.    Plaintiff represents, and is a member of the Class, consisting of:

---

[1] *See Persinger v. Southwest Credit Sys., L.P.*, 20 F.4th 1184, 1196-97 (7th Cir. 2021) ("a debt-collection agency cannot claim § 1681b(a)(3)(A) as a permissible purpose if its sole purpose for accessing a consumer report is collection")

COMPLAINT

All persons with an address within the United States whose consumer credit report was obtained by MONEYKEY, INC for an Account Review Inquiry between May 5, 2024 and May 5, 2026, where the subject account relationship had terminated because any of the following criteria were met: (i) the debt on the account had been discharged in bankruptcy; (ii) the account was closed with a zero balance; or (iii) the account had been sold or transferred to a third party.

41.    Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

42.    Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, violated the FCRA and invaded Plaintiff and the Class members' privacy when it obtained Plaintiff and the Class members' consumer reports absent a permissible purpose under 15 U.S.C. § 1681 et seq, damaging Plaintiff and members of the Class.

43.    This suit seeks only recovery of actual and statutory damages on behalf of the Class, and expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons, as warranted, as facts are learned in further investigation and discovery.

44.    The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

45.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and

fact to the Class predominate over questions which may affect individual Class members, including the following:

a. Whether, between May 5, 2024 and the filing of this Complaint, Defendant or its agents submitted any consumer credit report inquiries after the accounts of members of the Class have been discharged, the account was closed with a zero balance; or the account had been sold or transferred to a third party; and

b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations.

46.    As a person who suffered an unauthorized consumer credit report inquiry by Defendant on their credit report, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

47.    Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

48.    Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Credit Reporting Act.

49.    A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for FCRA violations are minimal.

- 8 -
COMPLAINT

Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

50.    Defendant has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

## CAUSE OF ACTION

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)

## 15 U.S.C. §§ 1681, ET SEQ.

51.    Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

52.    The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681, including 15 U.S.C. § 1681b.

53.    As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant.

54.    As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff and the members of the Class be awarded damages from Defendant, as follows:

- An award of actual damages for Plaintiff and the Class members pursuant to 15 U.S.C. § 1681n(a)(1);

- An award of statutory damages of $1000 for Plaintiff and the Class members pursuant to 15 U.S.C. § 1681n(a)(1);

- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of noncompliance of the FCRA; and

- Any and all other relief that this Court may deem just and proper.

**TRIAL BY JURY**

55.   Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: May 29, 2026                    Respectfully submitted,


                                       **KAZEROUNI LAW GROUP, APC**



                                       By: /s/ Ryan L. McBride
                                       RYAN L. MCBRIDE, ESQ.
                                       *Attorneys for Plaintiff*

COMPLAINT